UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                                                     CASE NO. 18-10069

MICHAEL PATRICK BOSTICK AND                           SECTION "B"
TINA ADAMS BOSTICK

       DEBTORS                                                                          CHAPTER 13

**<u>MEMORANDUM OPINION</u>**

       This matter came before the court on November 21, 2018 as a hearing on the motion of the debtors, Michael and Tina Bostick, to modify their Chapter 13 plan (P-38), and the objection by the Chapter 13 Trustee. After the hearing, the court ordered additional briefing and took the matter under advisement. The debtors seek to modify their plan by requiring the Trustee to apply a payment of $24,796.87, that the Trustee received from the Louisiana Department of Revenue, to the Chapter 13 plan in order to decrease the monthly plan payment from $1,082 to $485.02. The Trustee argues that instead, the funds should be used to increase the payout to creditors, and the plan payments should remain the same. Because the debtors have shown that the funds are exempt, the court will grant the debtors' motion.

       Prior to filing a petition for relief under Chapter 13 of the U.S. Bankruptcy Code, Mr. Bostick withdrew $68,000 from his 401(k) account to pay for the care of his mother who was very ill, and subsequently passed away. At the time the withdrawal was made, the plan administrator withheld $17,000 in federal taxes, which presumably were remitted to the IRS, and $23,800 in state taxes, which was remitted to the Louisiana Department of Revenue ("LDR"). Because the amount sent to the LDR was far in excess of what should have properly been withheld, the LDR refunded $24,796.87, but instead of sending it to the Bosticks, the LDR sent

1

the funds to the Chapter 13 Trustee.[1] The Bosticks then filed the instant motion requesting that the Trustee apply the funds to their plan such that their monthly plan payments are reduced. At issue here is whether the debtors are entitled to claim an exemption for the funds. The debtors assert that the funds are proceeds of the 401(k) and they are thus entitled to an exemption of the funds, citing Louisiana Revised Statute 13:3881(D). The Chapter 13 Trustee, however, argues that the funds are a tax refund that should be used to increase the percentage paid to unsecured creditors. Alternatively, the Trustee argues that because the funds were not rolled over or repaid back into the 401(k), they are no longer exempt.

The Trustee's argument that the funds are a tax refund is based on the debtors' motion, in which the debtors refer to the funds as a tax refund. In that same motion, however, the debtors also clarify that the refund is "the result of over withholding of tax resulting from an IRA distribution and actually represents funds protected from creditors."[2] Thus, the Trustee's argument that the debtors' motion to modify classifies the funds as a tax refund is contradicting the debtors' argument that the funds are exempt proceeds of a retirement account is not entirely accurate. The debtors have maintained from the outset that the funds are exempt because of the relationship to the 401(k) account, even if their motion is somewhat imprecise.

The court finds that $23,800 of the funds are proceeds of the 401(k) account, and not a tax refund. That is the amount the plan administrator sent to the LDR. The debtors assert it was sent to the LDR in error and returned because it was not owed. The Trustee does not dispute this. Further, it is not reasonable to assume that state taxes of $23,800 would be due on a 401(k)

---

[1] It is unclear what the remaining $996.87 that the LDR remitted to the Chapter 13 Trustee is for. The parties did not provide the court with that information, so the court will not hold that is part of the proceeds. This assumes that no state taxes were due on the 401(k) distribution; this is probably not correct, but the court lacks the information to determine whether any state taxes were due, and if so, the amount of those taxes. If the Trustee can show that more than $996.87 represents an actual tax refund, the court will consider that.

[2] (P-38) First Motion to Modify at p. 1.

withdrawal of $68,000, so the debtors' explanation that it was an error by the plan administrator is reasonable.

After a debtor files a bankruptcy petition, an estate is created consisting of "all legal and equitable interests of the debtor in property as of the commencement of the case" and "any interest in property that the trustee recovers." 11 U.S.C. § 541(a)(1), (3). A debtor may then elect to remove certain property carved out by federal or state law from the estate. 11 U.S.C. § 522(b). Importantly, this exempt property is withdrawn from the estate "for the benefit of the debtor." *Owen v. Owen*, 500 U.S. 305, 308, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991). "Anything properly exempted passes through bankruptcy; the rest goes to the creditors." *In re Hawk*, 871 F.3d 287, 290 (5th Cir. 2017) (quoting *Payne v. Wood*, 775 F.2d 202, 204 (7th Cir. 1985) ).[3] Here, the debtors claimed exemptions provided for by Louisiana state law. In their schedules A/B at question 21 - which requires a debtor to list any interest he may have in retirement or pension accounts - the debtors list two accounts: "Retirement," with the value unknown, and "Vanguard," with a value of $3,874.65. In their schedule C, the debtors claimed an exemption for both accounts pursuant to LSA-R.S. §§ 13:3881(D) and 20:33(1). Thus, the debtors have been consistent in their claim for an exemption of retirement assets, both in their schedules and their motion to modify.

Section 522 of the Bankruptcy Code governs the exemptions that a debtor may claim in bankruptcy. Section 522(b)(2) permits states to set their own exemptions for debtors, rather than allowing debtors to claim the exemptions set forth in § 522(d). Louisiana is a state that has chosen to exercise this "opt out" power. Thus, the court must look to the Louisiana statute to

---

[3] *In re Dahlin*, 582 B.R. 683, 692–93 (Bankr. S.D. Tex. 2018).

determine whether the funds are exempt. As stated above, the relevant statute is R.S. 13:3881(D)(1), which provides:

> Except as provided in Paragraph (2) of this Subsection and in R.S. 11:292, the following shall be exempt from all liability for any debt except alimony and child support: all pensions, all tax-deferred arrangements, annuity contracts, and all proceeds of and payments under all tax-deferred arrangements and annuity contracts, as defined in Paragraph (3) of this Subsection.

Thus, all pensions and tax-deferred arrangements, and the proceeds of and payments under all tax-deferred arrangements are exempt. The statute goes on to define tax-deferred arrangements as:

> The term "tax-deferred arrangement" includes all individual retirement accounts or individual retirement annuities of any variety or name, whether authorized now or in the future in the Internal Revenue Code of 1986, or the corresponding provisions of any future United States income tax law, including balances rolled over from any other tax- deferred arrangement as defined herein, money purchase pension plans, defined benefit plans, defined contribution plans, Keogh plans, simplified employee pension (SEP) plans, simple retirement account (SIMPLE) plans, Roth IRAs, or any other plan of any variety or name, whether authorized now or in the future in the Internal Revenue Code of 1986, or the corresponding provisions of any future United States income tax law, under which United States income tax on the tax-deferred arrangement is deferred.[4]

The language of the statute indicates to the court that a 401(k) is a "tax-deferred arrangement" within the meaning of R.S. 13:3881.

The Trustee argues that under *In re Hawk,* 871 F.3d 287 (5th Cir. 2017), the funds have lost their exempt status. Although *Hawk* concerned an exemption for IRA funds, much like this case, the similarity ends there. The Texas statute in *Hawk* provided that amounts distributed from retirement accounts remained exempt only if rolled over into another qualifying account within sixty days. Here, the Louisiana statute makes no mention of a rollover requirement.

---

[4] Louisiana Revised Statute 13:3881(D)(3).

The court finds that $23,800 of the funds are proceeds of a tax-deferred arrangement. The funds were withheld by the plan administrator and sent to LDR, which then sent the funds to the Chapter 13 Trustee. It is easy to trace them, and they have been segregated since their removal from the 401(k). The court thus finds that pursuant to R.S. 13:3881(D), the $23,800 is exempt.

The Trustee also makes a policy argument that §1306(a), which operates to bring property acquired by the debtor post-petition into the bankruptcy estate, requires these funds be used to augment the debtors' estate and increase the payout to unsecured creditors. Because Chapter 13 is a "wholly voluntary alternative to Chapter 7," *Harris v. Viegelahn*, —— U.S. ——, 135 S.Ct. 1829, 1835, 191 L.Ed.2d 783 (2015), by filing a Chapter 13, the debtors cannot now attempt to claim that these funds, which were acquired post-petition are exempt. The debtors respond, correctly, that Chapter 13 is no longer a wholly voluntary alternative to Chapter 7. Because of the required means test implemented by the BAPCA amendments that became effective in 2005, these debtors were not eligible to file a Chapter 7 petition. Further, the debtors did claim an exemption in the retirement funds, and the trustee did not object to that exemption. Because these funds are proceeds of that retirement account, and Louisiana law exempts proceeds as well as the retirement account itself, the court holds that the debtors may modify their plan as requested and use the exempt proceeds to reduce their plan payments. A separate order will be entered in accordance with this memorandum opinion.

New Orleans, Louisiana, February 1, 2019.

Jerry A. Brown
U.S. Bankruptcy Judge